UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CLAUDIO TELLO VAZQUEZ,

                Petitioner(s),

   v.

MARKWAYNE MULLIN, et al.,

                Respondent(s).

CASE NO. C26-2039-KKE

ORDER GRANTING PETITION FOR
WRIT OF HABEAS CORPUS

Petitioner was arrested in May 2026 and has been in immigration detention since then. Dkt. No. 6 ¶ 6. He filed a petition for writ of habeas corpus under 28 U.SC. § 2241. Dkt. No. 1. He argues that his detention is unlawful because the Government[1] violated his constitutional right to procedural due process. *Id.* The Court agrees and will therefore grant the petition and order Petitioner's immediate release.

## I.    BACKGROUND

Petitioner is a citizen of Mexico who entered the United States in 2020 on a valid J-1 visa. Dkt. No. 1 ¶ 1. Since then, he has "resided openly in the United States, maintained employment, established substantial ties to the community, and remained free from any criminal conduct." *Id.*

After discovering via a routine records check that Petitioner's visa expired in April 2021, United States Immigration and Customs Enforcement ("ICE") officers went to Petitioner's home

---

[1] This order refers to the Federal Respondents collectively as "the Government."

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 1

to arrest him in May 2026. Dkt. No. 6 ¶¶ 5–6. When Petitioner left his home to go to work, ICE officers blocked his car and arrested him pursuant to a warrant signed by a deportation officer. Dkt. No. 1 ¶ 31–33, Dkt. No. 5-5. Petitioner has been detained at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington since May 29, 2026. Dkt. No. 6 ¶ 7. That same day, the Government initiated removal proceedings against Petitioner. Dkt. No. 5-5. The justification for Petitioner's detention while those proceedings are ongoing has not been considered by a neutral adjudicator, and at the time he filed his habeas petition in June 2026, Petitioner had not requested a bond hearing. Dkt. No. 1 ¶¶ 8–9, Dkt. No. 7 at 5.

For the following reasons, the Court will grant the habeas petition.

## II.     ANALYSIS

Federal courts have authority to grant writs of habeas corpus to an individual in custody if such custody is a "violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). In this case, Petitioner contends that his arrest and detention violate, among other things, the Due Process Clause of the Fifth Amendment to the United States Constitution, which prohibits the federal government from depriving any person of "life, liberty, or property, without due process of law[.]" U.S. CONST. AMEND. V. The right to due process extends to "all 'persons' within the United States, including [non-citizens], whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001).

"Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment." *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976). "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Id.* at 333 (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)). Determining whether an administrative procedure provides the process constitutionally due

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 2

generally requires consideration of three distinct factors: First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Id*. at 335.

In *Rodriguez Diaz v. Garland*, the Ninth Circuit assumed without deciding that *Mathews'* three-part test applies in "the immigration detention context." 53 F.4th 1189, 1206–07 (9th Cir. 2022). Many courts in this circuit have recently applied *Mathews* when considering immigration habeas petitions, including those brought in the visa overstay context. *See, e.g.*, *Ruslanov v. Warden, Cal. City Corr. Ctr.*, No. 1:26-cv-01459-JLT-EGC (HC), 2026 WL 1362961, at *3–5 (E.D. Cal. May 15, 2026). The Court will consider each *Mathews* factor in turn to determine whether Petitioner's detention comports with constitutional due process requirements applicable to a person detained under 28 U.S.C. § 1226(a). *See Prieto-Romero v. Clark*, 534 F.3d 1053, 1057 (9th Cir. 2008) ("Where an alien falls within this statutory scheme can affect whether his detention is mandatory or discretionary, as well as the kind of review process available to him if he wishes to contest the necessity of his detention.").

**B.      Petitioner Has a Protected Interest in His Liberty.**

Petitioner's interest in not being detained is "the most elemental of liberty interests[.]" *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004). That Petitioner was arrested outside his home and remains detained weeks later undoubtedly deprives him of a constitutionally protected interest in his liberty. *See Hernandez v. Sessions*, 872 F.3d 976, 981 (9th Cir. 2017) ("While the temporary detention of non-citizens may sometimes be justified by concerns about public safety or flight risk, the government's discretion to incarcerate non-citizens is always constrained by the requirements of due process[.]"); *A.B.J.C. v. Hermosillo*, No. 2:26-cv-00185-JNW, 2026 WL 497097, at *3

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 3

(W.D. Wash. Feb. 23, 2026) (where government had acquiesced in petitioner's continued liberty for six years, petitioner's reliance on his freedom created a liberty interest that "cannot be extinguished without due process).

The Government could have detained Petitioner at any time after the expiration of his visa in 2021 but did not do so until years later, after Petitioner developed significant ties to the United States. Petitioner's interest in maintaining his liberty is therefore strong, in the absence of evidence that he is a flight risk or a danger to the community. *See, e.g.*, *Carriollo v. Albarran*, No. 3:26-cv-05836-JSC, 2026 WL 1734895, at *2 (N.D. Cal. June 16, 2026). Because there is no evidence in the record before the Court suggesting that he meets those criteria, and the Government does not argue otherwise, the Court finds that the first *Mathews* factor strongly favors Petitioner.

**C.      The Risk of Erroneous Deprivation of Liberty is High.**

The second *Mathews* factor considers whether a particular process results in a risk of erroneous deprivation of a protected interest, and here, the Court agrees with Petitioner that the risk of erroneous deprivation in the absence of a pre-detention hearing is high.

Here, Petitioner was not provided any notice or opportunity to be heard before he was arrested outside his home. The absence of pre-deprivation procedural safeguards leads to a high risk of an erroneous deprivation of Petitioner's liberty. Accordingly, the Court finds that the second *Mathews* factor favors Petitioner. *See Doe v. Becerra*, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025).

Although the Government notes that Petitioner is entitled to a bond hearing but had[2] not yet requested one at the time he filed his petition, the Court finds that such a post-deprivation

---

[2] Since the Government filed its return, Petitioner requested a bond hearing. Dkt. No. 7 at 5. To the extent that Petitioner's failure to request a bond hearing earlier could be considered a failure to exhaust his administrative remedies, the Court waives any prudential exhaustion requirement because a post-detention hearing cannot redress the irreparable harm caused by an erroneous deprivation of liberty. *See, e.g., Salad v. Dep't of Corr.*, 769 F. Supp. 3d 913, 921–22 (D. Ala. 2025) (citing *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017)).

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 4

hearing cannot serve as an adequate procedural safeguard because it is after the fact and cannot prevent an erroneous deprivation of liberty. *Domingo v. Kaiser*, No. 25 cv-05893 (RFL), 2025 WL 1940179, at *3 (N.D. Cal. July 14, 2025) ("Even if Petitioner-Plaintiff received a prompt post-detention bond hearing under 8 U.S.C. § 1226(a) and was released at that point, he will have already suffered the harm that is the subject of his motion: that is, his potentially erroneous detention.").

**D.     The Government Interest in Civil Detention Without a Hearing Is Low.**

In the final *Mathews* factor, the Court considers the Government's interest in arresting and detaining Petitioner without a hearing.

Although it would require the expenditure of finite resources (money and time) to provide Petitioner notice and a hearing before arresting and re-detaining him, those costs are outweighed by the risk of erroneous deprivation of the liberty interest at issue. *See, e.g.*, *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019) ("If the government wishes to re-arrest Ortega at any point, it has the power to take steps toward doing so; but its interest in doing so without a hearing is low.").

For these reasons, the Court finds that the Government's interest in detaining Petitioner without a pre-detention hearing is minimal: any administrative or financial burdens in providing a pre-detention hearing to Petitioner are outweighed by the risk of erroneous deprivation of the liberty interest at issue. The third and final *Mathews* factor favors Petitioner.

As the Court's review of the *Mathews* factors suggests, Petitioner's detention does not comport with due process.

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 5

### III.    REMEDY

Having determined that Petitioner's detention violates his constitutional right to due process, the Court finds Petitioner's detention to be unlawful and will grant the habeas petition. The Court must now determine the appropriate remedy.

"In habeas cases, federal courts have broad discretion in conditioning a judgment granting relief." *Lujan v. Garcia*, 734 F.3d 917, 933 (9th Cir. 2013). "Federal courts are authorized, under 28 U.S.C. § 2243, to dispose of habeas corpus matters as law and justice require." *Id*. (quoting *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987)). "Declaratory and injunctive relief are proper habeas remedies." *Perera v. Jennings*, 598 F. Supp. 3d 736, 742 (N.D. Cal. 2022).

Here, the Court finds that the appropriate remedy for Petitioner's unconstitutional detention is immediate release. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody."). Although the Government suggests that a non-citizen's detention must become indefinite before he may be entitled to release, this argument is misplaced.[3] *See* Dkt. No. 4 at 7. The length of detention is irrelevant to the nature of the arguments raised in the habeas petition: Petitioner argues that he was initially detained without due process, not that his detention has become indefinite. *See* Dkt. No. 7 at 12.

Courts have granted habeas petitions and ordered immediate release of petitioners arrested for visa overstay without a pre-detention hearing, and the Government's return does not address or attempt to distinguish this authority. *See, e.g.*, *Carriollo*, 2026 WL 1734895, at \*3; *Kalkan v.*

---

[3] Similarly misplaced is the Government's citation to *Cristobal v. Asher*: in that case, petitioner argued that his detention had become indefinite since his bond hearing, yet he had not requested a second bond hearing. No. C20-1493-RSM-BAT, 2020 WL 8678097, at \* 3 (W.D. Wash. Dec. 14, 2020), Rep. & Rec. *adopted by* 2021 WL 796597 (W.D. Wash. Mar. 2, 2021). Here, Petitioner's claims do not pertain to the length of his detention. *See* Dkt. No. 7 at 12.

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 6

*Chestnut*, No. 1:26-cv-02028-DAD-EFB, 2026 WL 788112, at *1 (E.D. Cal. Mar. 20, 2026) (citing *Kharitonova v. Albarran*, No. 3:26-cv-01362-JSC, 2026 WL 531441 (N.D. Cal. Feb. 25, 2026)). As in those cases, the Court has found that Petitioner has a protected liberty interest because the Government did not promptly detain Petitioner when his visa expired and thus acquiesced in his continued liberty.  In these circumstances, the Court concludes that immediate release is the appropriate remedy for the constitutional violation here.

### IV.    CONCLUSION

For these reasons, the Court GRANTS the habeas petition.  Dkt. No. 1.  The Court ORDERS that Petitioner shall be released from custody no later than July 3, 2026.  The Government shall file a status report no later than July 6, 2026, to confirm Petitioner's release in compliance with this order.  The Court will consider any post-judgment motion for attorney's fees, as requested in the petition.

Dated this 2nd day of July, 2026.

Kymberly K. Evanson
United States District Judge

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 7